UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendant. | Civil Action No. 25-3921 (APM) |

## ANSWER

Defendant, U.S. Customs and Border Protection ("CBP"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff Human Rights Defense Center in this case brought under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*. ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are: correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**[1]

This unnumbered prefatory paragraph consists of Plaintiff's characterization of its Complaint, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under FOIA, 5 U.S.C. § 552 *et seq*.

### **Introduction**

1. Paragraph 1 consists of legal conclusions regarding Plaintiff's allegations of FOIA violations by Defendant, to which no response is required. To the extent that a response is deemed required, Defendant only admits that Plaintiff submitted a written request under FOIA to Defendant, and the requested records concern FOIA litigation payments made by Defendant over the past decade to resolve FOIA claims against the Defendant.

### **Parties, Jurisdiction, Venue**

2. Paragraph 2 consists of Plaintiff's characterization of itself and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the statements in this paragraph.

3. Defendant only admits that CBP is a component agency of the U.S. Department of Homeland Security, that it is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and that CBP is headquartered in Washington, D.C. The remaining allegations in Paragraph 3 consist of legal conclusions, to which no response is required.

---

[1] Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied

4. Paragraph 4 consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has jurisdiction subject to the terms and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

5. Paragraph 5 consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has venue subject to the terms and limitations of FOIA.

## FACTUAL BACKGROUND

6. The allegations in Paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6.

7. The allegations in Paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 7.

8. Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

9. The allegations in Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 9.

10.     The allegations in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10.

### The FOIA Request to CBP – Request No. CBP-FO-2024-0136975

11.     Defendant admits that it received an electronic FOIA request, dated July 11, 2024 ("FOIA Request"), which identified the Requestor as "Tiffany Hollis" and the Organization as "Human Rights Defense Center."  Defendant avers that the FOIA Request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

12.     Paragraph 12 consists of legal conclusions regarding the waiver of fees to which no response is required.  To the extent that a response is deemed required, Defendant only admits that Plaintiff requested a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. §552(a)(4)(A)(iii).

13.     Paragraph 13 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

14.      Paragraph 14 consists of Plaintiff's quotation from and characterization of the U.S. Department of Justice, 2024 Freedom of Information Act Litigation and Compliance Report ("2024 FOIA Litigation and Compliance Report"), not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the source is the best evidence of its contents, respectfully refers the Court to the source for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

15.     Paragraph 15 consists of Plaintiff's characterization of the 2024 FOIA Litigation and Compliance Report, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the source is the best evidence of its contents, respectfully refers the Court to the source for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 16.

17.     Paragraph 17 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

18.     Defendant admits that on July 15, 2024, Defendant acknowledged Plaintiff's FOIA Request, via email.  Defendant avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any inconsistent allegations in Paragraph 18.

19.     Defendant admits that on August 2, 2024, Defendant provided a status update to Plaintiff, via email.  Defendant avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any inconsistent allegations in Paragraph 19.

20.     Defendant admits Paragraph 20.

## COUNT I

**Violation of 5 U.S.C.  § 522(a)(6)(A)(i) [*sic*]**
**Failure to Timely Make a Determination**

Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

23. Paragraph 23 consists of legal conclusions and Plaintiff's quotation from and characterization of the FOIA, not allegations of fact, and thus no response is required. To the extent a response is deemed required, Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the court to the provision for a complete and accurate statement of its contents.

24. Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

25. Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

26. Paragraph 26 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

27. Paragraph 27 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT II

**Violation of 5 U.S.C. § 522(a)(3)(A)-(D) [*sic*]**
**Failure to Make Reasonable Effort to Search for and Release Records**

Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

29. Paragraph 29 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT III

### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver

Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

34. Paragraph 34 consists of legal conclusions and Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required. To the extent a response is deemed required, Defendant denies any characterization of Plaintiff's FOIA request, which speaks for itself, and respectfully refers the Court to the request for a complete and accurate statement of its contents.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

**Requested Relief**

The remainder of the Complaint consists of Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. All allegations not expressly admitted or denied are denied.

**DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

**THIRD DEFENSE**

Defendant has exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

**FOURTH DEFENSE**

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

**FIFTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA, to the extent such records exist.

**SIXTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**EIGHTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

**NINTH DEFENSE**

Plaintiff is not entitled to the injunctive relief requested, and there is no provision of FOIA for obtaining declaratory relief.

**TENTH DEFENSE**

At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

| | |
|---|---|
| Dated: January 14, 2026 | Respectfully submitted, |
| | JEANINE FERRIS PIRRO<br>United States Attorney |
| | By:  */s/ William Thanhauser*<br>William Thanhauser<br>D.C. Bar No. 1737034<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-7706<br>William.Thanhauser@usdoj.gov |
| | *Attorneys for the United States of America* |